### AGNES MILLER *vs.* JOSEPH G. BANNISTER.

In replevin by a married woman of property employed in business on her separate account, from an officer who justifies under an attachment on mesne process against her husband, the burden is on the officer to prove that the attaching party was a creditor of the husband; and is not sustained by the mere production of the writ upon which the attachment was made.

REPLEVIN of a horse and wagon from a deputy of the sheriff of Middlesex. Writ dated May 20, 1870. The defendant answered that he took and was holding the horse and wagon by attachment upon the writ, sued out on May 19, 1870, in an action of contract brought by Isaac B. Little against Franz X. Miller, the plaintiff's husband, on a promissory note alleged to have been made by said Franz.

At the trial in the superior court, before *Putnam*, J., the plaintiff rested her case upon evidence that she carried on business in ramingham on her sole and separate account, and that the horse

and wagon were her property, acquired by that business, and used therein. The defendant put in the writ on which he made the attachment alleged in his answer; and rested his case without further evidence.

The defendant requested the judge to rule "that unless the plaintiff proved to the jury that she had filed in the office of the town clerk of Framingham, where she lived and did business, a certificate under the St. of 1862, *c.* 198, the verdict must be against her;" but the judge declined so to rule, on the ground that there was no evidence that Little was a creditor of her husband. The jury found for the plaintiff, and the defendant alleged exceptions.

*G. H. Gordon,* for the defendant.

*P. H. Cooney,* for the plaintiff.

GRAY, J. By the present law of this Commonwealth, the property of a married woman and that which she acquires by trade or business carried on by her on her separate account is her sole and separate property. Gen. Sts. *c.* 108, § 1. In case she carries on such business without filing a certificate of the fact in the town clerk's office, she cannot indeed claim the personal property employed in such business as against the creditors of her husband, but the same may be attached on mesne process by any such creditor, or taken upon execution against the husband. St. 1862, *c.* 198, § 1. But by the express terms of the statute the absolute right of the married woman in her separate property is so restricted, and the power to take it on a writ against her husband is conferred, only for the benefit of creditors of the husband. The burden is upon any one justifying the taking of the wife's separate property upon such a writ, to prove that the plaintiff therein was a creditor of the defendant, as it is in the ordinary case of an attachment, on a writ against one person, of property conveyed by him to another in fraud of creditors. *Damon* v. *Bryant,* 2 Pick. 411. *Ames* v. *Sturtevant,* 2 Allen, 583. In this case, no such evidence was offered, not even the promissory note upon which the attachment was made. A writ sued out against one person is no evidence against him, nor *a fortiori* against a third person, that the plaintiff is a creditor of the defendant.

*Exceptions overruled.*