## MARY E. FADDIS v. J. N. WOOLLOMES.

MARRIED WOMEN; *Purchases from Husband; Replevin.* A married woman may purchase personal property with her own money from her husband, and if a subsequent creditor of her husband should cause such property to be seized in execution to pay her husband's debts, she may replevy the same from the officer.

### *Error from Allen District Court.*

MARY E. FADDIS, a married woman, purchased directly from her husband, E. P. Faddis, a colt, and paid for said colt with money belonging to her in her own right. Afterward, her husband contracted a debt, was sued thereon, and upon a judgment rendered against him for said debt an execution was issued to *Woollomes,* as constable, and by the latter levied on the said colt. The plaintiff brought replevin. The case was removed from a justice's court to the district court, by appeal, and was tried at the January Term 1870. The district court held that "the contract of sale between the plaintiff and her said husband was illegal and void — that husband and wife cannot make a valid contract of sale between each other concerning their own separate and sole property," and gave judgment for the defendant. The plaintiff brings the case here on error.

*H. W. Talcott,* for plaintiff in error:

1. The court erred in allowing the defendant to file a new appeal bond. The instrument filed, purporting to be an

appeal bond, was void, and could not be amended or substituted. It was between different parties, and the penalty was made payable to *Sarah* Faddis, instead of the plaintiff, *Mary E.* Faddis: 6 Ohio St., 501; 17 Wend., 422; 17 Ohio, 565; 20 Ohio, 93; 4 Kas., 570.

2. The court erred in holding the contract of sale between the plaintiff and her husband to be void. The property in controversy was purchased by the plaintiff from her husband with her own money and property. *Going v. Orns,* 8 Kas., 85. It was purchased by her before the indebtedness of her husband accrued. Replevin was the proper remedy of the plaintiff, and judgment should have been rendered for her.

*J. C. Murray,* for defendant in error:

1. The record fails to show that the plaintiff below moved at any time for a new trial. This omission is fatal to a review of the cause in this court. Before a petition in error will lie a motion for a new trial must be filed in and overruled by the court below.

2. For a full and able review of the principles involved in this cause upon its merits, as well as of the particular provision of the statute upon which plaintiff relies, (§ 1, ch. 62, Gen. Stat.,) the defendant invites the attention of the court to 25 N. Y., 328., and to the authorities therein quoted; also, 1 Greenl., 394; 10 Cush., 550; 8 Vt., 187; and 1 Parsons on Cont., 358.

The opinion of the court was delivered by

VALENTINE, J.: We do not think that it is necessary to consider the preliminary questions raised by the plaintiff in error, for a decision of the main question involved in the case will dispose of the whole case finally. The main questions involved are precisely the same as those decided in the case of *Going v. Orns,* 8 Kas., 85, to which we refer. (See also *Monroe v. May,* 9 Kas., 466; *Deering v. Boyle,* 8 Kas., 525, and *Wicks v. Mitchell,* 9 Kas., 80, as deciding kindred questions.) A married woman may purchase personal property,

5—10 KAS.

with her own money, from her husband, and if a subsequent creditor of her husband should cause such property to be seized in execution to pay her husband's debts, she may replevy the property from the officer. The judgment of the court below is reversed, and cause remanded with the order that judgment be rendered on the agreed statement of facts for the plaintiff and against the defendant.

All the Justices concurring.