## J. M. DICKSON V. ANNA RANDAL.

1. JURISDICTION; *Appearance to the Merits; Appeal.* Where a defendant in a replevin action pending before a justice of the peace appears on the return-day of the summons served upon him in the case, and obtains an adjournment of the trial to a future time on his application, and on the trial thereafter before such justice judgment is rendered against the defendant in said action, and such defendant takes the case on appeal to the district court, and the case is duly docketed there for trial, the district court commits no error in overruling a motion made by such defendant to dismiss the action on the ground that the justice before whom the case was tried had no jurisdiction because no sufficient replevin bond and affidavit had been filed with him at the institution of the suit.

2. MARRIED WOMEN; *Purchases by Wife from Her Husband.* Under our statutes, a married woman who purchases personal property from her husband, or other person, in good faith, and for a good and sufficient consideration, is the owner of the property, and may maintain in her own name an action of replevin therefor against an officer who levies on the same under an execution to satisfy her husband's debt. (*Going v. Orns,* 8 Kas. 85, cited, and followed.)

3. REPLEVIN; *When Demand Not Necessary.* Where a constable under an execution against the property of A., levies upon and seizes the property of B. and takes the same into his possession without the authority or knowledge of B., and asserts a claim to the property by virtue of the process in his hands inconsistent with the owner's right of property and right of possession, B. can commence an action of replevin for the recovery of the same without making any demand of the officer therefor.

### *Error from Nemaha District Court.*

TWO ACTIONS of replevin were brought against *Dickson,* a constable — one by *Anna Randal,* and the other by *M. B. Casey.* Both cases were tried together, at the May Term 1876 of the district court. Verdicts and judgments for plaintiffs, and *Dickson* brings the cases here. The facts and proceedings are stated in the opinion.

*Joseph Sharpe,* for plaintiff in error.

*Simon Conwell,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On January 18th 1876, Anna Randal and B. M. Casey commenced their separate actions in replevin against Dickson, before a justice of the peace of Nemaha county, to obtain the possession of two calves, levied upon by Dickson, as constable, under an execution in his hands issued upon a judgment against J. H. Randal in favor of Wolfley, Morris & Co. The calves were only worth $10 each. On the return-day of the two summonses the said Dickson appeared in each case before the justice and obtained an adjournment of the trials to February 1st. Upon judgments being rendered in the cases before the justice against plaintiff in error, he appealed both actions to the district court, and after the

1. Appearance; jurisdiction.

causes had been duly docketed there for trial, he moved the dismissal of the actions on the ground that the justice before whom they were tried had no jurisdiction, as sufficient bonds and affidavits were not filed with him at the commencement of the cases. The objections came too late, and the district court committed no error in overruling the motions. *Haas v. Lees*, 18 Kas. 449; *Shuster v. Finan*, ante, 115.

After the motions to dismiss had been overruled, with the consent of all parties both cases were tried at the same time

2. Married women; sales by husband to wife.

and to the same jury. Verdicts and judgments were again rendered against the plaintiff in error; and he now complains of the instructions given by the court, and of the refusal of the court to charge the jury as prayed for by him. The instructions objected to were as follows:

"1st. A married woman can hold property separate and apart from her husband, and the same is not subject to the payment of his debts; and she may purchase the same from her husband, or any one else she may choose.

"2d. A married woman in this state has the same right to buy, sell, exchange, and in any way to dispose of or receive property by sale or gift from her husband, or other person, that a man has, so the sale is made in good faith."

These instructions, except as to the right of a married woman to receive *a gift* from her husband, are in accordance with the statute, and the decisions of this court: Secs. 1 and 2, ch. 62, Gen. Stat. 1868, p. 563; *Going v. Orns*, 8 Kas. 85; *Faddis v. Woolomes*, 10 Kas. 56; *Furrow v. Chapin*, 13 Kas. 107; *Monroe v. May*, 9 Kas. 466; *Shellabarger v. Nafus*, 15 Kas. 547. Waiving the question whether, independent of the statute, the husband, when out of debt, could not have given a calf to his wife, freed from the claims of his subsequent creditors, in this case the introduction of the word "gift" in the last instruction could not have misled the jury. It seems to have been incidentally, almost accidentally, used, and could not have made any impression on the jury under the issues. The wife did not claim the property by gift from her husband; and the evidence presented by her tended to show that she sold geese, ducks, and chickens to purchase of one Allen a cow from which came the calf claimed by her.

The instructions refused were properly rejected. The first one was clearly in opposition to the statute of the state, and to the construction thereof by this court. It was substantially to the import, that a married woman cannot take title to personal property by sale, or exchange, from her husband during coverture. Such is not the law in Kansas, and we are surprised that such doctrine should be asserted by a practitioner of this court at this late day. If the instruction had omitted all reference to acquiring title by the wife by sale and exchange, a different question would be presented than the one we are now called upon to decide. The second instruction refused was a partial attempt to produce section 3, Gen. Stat. 504; but the section was incorrectly copied. The counsel for the plaintiff is in error in assuming the instruction was a transcript of the law, as the fact is, by omitting therefrom the word *actual*, and inserting *immediate*, the instruction was in direct conflict with the statute. As asked, the instruction was improper. An instruction must be good as asked, or it is not error to refuse it. This principle is alone a suffi-

cient reason for rejecting both of the above-mentioned instructions presented to the district court by plaintiff in error.

The third instruction rejected was in reference to a demand being necessary in the cases before the actions of replevin could be maintained. No demand was requisite. The calves were wrongfully taken by the constable, without the authority or knowledge of the owners, and the constable asserted a claim to the property by virtue of his legal process inconsistent with the owners' rights of property and possession. The constable had no right, writ, or authority to seize the property of either Anna Randal, or M. B. Casey. Neither of these parties were bound in law to take any notice of executions in his hands against other persons; nor were they bound to know that the property was taken under any legal process. Both parties had the right to sue for the possession of the calves without alleging any demand, or proving one. *Shoemaker v. Simpson,* 16 Kas. 43; *Stone v. Bird,* id. 488.

As to the allegation that the verdicts were against the weight of evidence, we need only answer, that as there was direct and positive evidence introduced showing that the property claimed by each defendant in error belonged to such party, which if uncontradicted, was sufficient to support the verdicts, we cannot now interfere.

The judgments of the district court will be affirmed.

All the Justices concurring.