CAROLINE A. MANNING v. L. B. MANNING.

*Husband and Wife—Wife's Separate Estate—Action of Ejectment against Husband.*

1. A wife is entitled to the possession and control of her separate estate, to manage the same and receive the income arising therefrom, free from the control or interference of her husband.

2. In an action by a wife against her husband to recover the possession of her lands of all which he had taken possession and control and was cultivating solely for his own use, and damages for withholding the same ; *It was held,* that the action would lie and that the plaintiff was entitled to the relief demanded.

3. But in such case, the husband's marital right of occupancy can not be impaired ; his right of ingress and egress to the dwelling and society of his wife continues ; and a writ of possession following a judgment must be so framed as to put the wife in possession without putting the husband out.

CIVIL ACTION tried at January Special Term, 1878, of HALIFAX Superior Court, before *Schenck, J.*

The case is sufficiently stated in the opinion. The defendant demurred to the complaint and assigned as cause, (1) that the plaintiff and defendant were man and wife, (2) the possession of defendant was not adverse to plaintiff, (3) the defendant by law is entitled to possession of the premises, and (4) that the defendant is entitled during coverture to the rents and profits of the land. The judgment of the Court was that plaintiff recover of defendant the land mentioned in the complaint, and an order for a writ of possession granted ; from which the defendant appealed.

*Mr. Spier Whitaker,* for plaintiff.
*Messrs. T. N. Hill* and *Walter Clark,* for defendant.

BYNUM, J. This case is before us upon complaint and

demurrer. The complaint alleges a marriage between the parties, on the 15th day of October, 1873; and that at that time and prior thereto, the plaintiff was seized in fee and to her sole and separate use of a large real estate in the county of Halifax, consisting of three tracts of land which are fully described by metes and bounds, one of which is the home place, having upon it the family mansion where she and her husband, the defendant, live together as man and wife. We say they live together because there is no allegation that they live separate and apart, and the law implies that they do live together. The complaint further alleges that since their marriage the husband has taken charge and possession of her said lands which are of great value, and has cultivated and used them solely for his own use and benefit, not appropriating any of the benefit thereof to her comfort and support. That she is now fifty-two years of age and by the defendant has had no issue, and finding that her husband was wasting and appropriating to his sole use the profits realized out of the lands and leaving her dependent upon other resources for support, she did, prior to the commencement of this suit, demand of him the possession of her said lands, offering to provide for his comfort and support. That he has failed and refused to comply with her demand ; wherefore she demands judgment for the possession of the said lands and for two thousand dollars damages for withholding the same.

In the argument the counsel for both parties treated the action, as an action of ejectment under the old system, and so we are asked to treat it, and in that view it presents the first instance in North Carolina where a wife becoming discontented with him, among other things, seeks a judicial separation from her husband by an action of ejectment. For the relief in such an action, consists not only in putting the plaintiff in possession, but also in expelling the intruding husband, bag and baggage, if he has any, from

her dwelling and premises. If the wife is entitled to recover as claimed, the writ of possession following the judgment will be under her control, and if she prefers it she may be content with ejecting the husband from the lands only, and as to the dwelling house concede him the privilege of ingress and egress, but as a matter of favor and not of right. If she beholds her husband with a sinister eye, however, and prefers to forsake him and cleave unto her property, she may direct the sheriff to use only so much force as is necessary to remove his body from her bed and board; and put it down in the public highway. Unless the Court can undertake to control the judgment and writ of possession in such cases, which it has never heretofore done, the consequences which we have pointed out are inevitable.

It may be and has been said that the wife by law is entitled to the exclusive possession of her property as much so as if she were a *feme sole* or a man, and therefore must necessarily have the same remedies for acquiring the exclusive possession and enjoyment of her property, and that the use of such remedies only affect the property and not the social relations between husband and wife established by the contract of marriage. It is true that this action may have been instituted to enable the wife to obtain the control of her estate, but it is a' two-edged sword and may as well have been instituted to get rid of the husband and is equally efficacious for either purpose.

The effect of a recovery as contended for would be to leave the husband at the mercy of the wife, as well in respect of his conjugal right, as in respect of the property. He would be a tenant at sufferance as to both. Such results could hardly have been contemplated by our legislators and people in adopting Art. X, § 6 of the constitution, and ch. 39 of Battle's Revisal, defining the rights of married women in respect to their property. The law prescribes for what

misconduct of the husband the wife may apply for and obtain a divorce, absolute or partial, and it would be wholly inconsistent with this law and the obligations of the marital relation if the wife could for other grievances, real or imaginary, or for no cause other than her own will, expel her husband from her bed and banish him from her presence. He would still be liable for her torts and crimes without the opportunity and power of control over her person or giving her his advice. By the matrimonial contract, the husband and wife are to live together, and the law, divine as well as human, has whether wisely or unwisely made him the ruler of the household ; and the well understood and well defined legal duties, relations, and obligations of the marriage compact, can not be abridged or changed at the will of either, or otherwise, or for other causes than are prescribed in the statute in relation to divorce and alimony. Bat. Rev. ch. 37.

It may be and perhaps must be conceded that as to the property of the wife, real and personal, and the rents, issues, and profits of it, she is independent of her husband, to the extent that she may reduce it into her possession, and for that purpose she can, in her own name, resort to any proper action. The gravamen of this action is that the husband is receiving the rents and profits of the lands to his own exclusive use. In doing this he in some respects occupies the position of a stranger, and is amenable to the plaintiff in like manner. The wife has the undoubted right to assume control of her lands, to make her own contracts of lease, of not more than three years duration, and hold to account her husband or other tenants in the occupation of her property. Bat. Rev. ch. 69, § 26.

Without ejecting him from her dwelling house, if he should persist against her will in possessing himself of the rents of the land under claim and color of authority as her husband and agent, it is entirely competent and a proper

occasion for a Court of Equity to interfere by injunction and restrain him from all interference with and control over the property or its income. In this regular action of the law, the plaintiff could obtain all the relief she seeks and is clearly entitled to, without resorting to this innovating and questionable dispossessory action against the husband. I can find but a single instance where a wife has maintained an action of ejectment against her husband, *Minier* v. *Minier*, 4 Lansing, 421, and there the husband and wife lived apart, and the land in question was not the homestead, but an outlying lot and parcel of land. The decision in that case was not by a Court of the highest jurisdiction and has not met with favor, and perhaps was justified only by the more absolute and exclusive power given to the wife over her separate estate in New York, than in North Carolina and many of the other States. *Walker* v. *Reaney*, 12 Casey, 410; *Schindel* v. *Schindel*, 12 Md., 121; *Cole* v. *Van Riper*, 44 Ill., 58; 2 Bish. Law of Married Women, § 24.

It seems now to be generally settled after great confusion in the decisions growing out of the conflicting statutes of the several States, that a married woman is invested with the legal title to her property, and may maintain in her own name any appropriate action to preserve and secure it to her own use. *Miller* v. *Bannister*, 109 Mass. 289; 10 Kan. 56; 19 Iowa, 236; 2 Bish. L. M. W., §§ 130, 131, where the authorities on both sides of the question are cited.

In this State, by statute, the wife may sue alone in two cases,—first, where the action concerns her separate property, and second, where the action is between herself and her husband; in all other cases where she is a party her husband must be joined with her. C. C. P, § 56. No difficulty is therefore presented as to the parties to the action. The demurrer admits the facts set forth in the

complaint and the single question is,—do they present a cause of action? The relief demanded is,—first, the possession of the land, and second, damages for withholding the rents and profits. We think the plaintiff is entitled to both,—to be let into the possession, and to damages against the husband for appropriating to his own use against her consent, the rents and profits.

The possession of the wife is not exclusive of the occupation of the husband. As man and wife their joint possession is not antagonistic or adverse, the one to the other. Nor does the complaint so allege. The only distinct charge is that the defendant has " used and occupied the land for his own use and benefit, not appropriating any of the profits thereof to her comfort or support." The relief she seeks and is entitled to, is not that the husband shall be expelled, but that she shall be let into the possession and control of the property and the receipt of the rents and income. That relief the Court under the powers conferred upon it by the Code as well as its general equity jurisdiction can give, without encountering a proposition fraught as I conceive with the most dangerous consequences to society, to wit, that a wife may under the forms and with the sanction of law at her own will and without cause, eject her husband from her dwelling and society because the house is her separate property. I can never agree that either husband or wife can, without committing those offences which the law designates as causes of divorce or separation, invoke the aid of the Courts to render a judgment, the unavoidable consequence of which would be a separation of man and wife. Nothing less than an express and positive statute to that effect can control or destroy that highest of all the obligations imposed in the marriage relation—that man and wife shall live together.

Any decision of the Courts, the direct or incidental result of which is to destroy the sanctity of marriage in that

particular, can but weaken and undermine the surest foundation upon which the structure of society, and through it, our political institutions rest, and command our confidence. While the recent innovations in the law of property may not be questioned by the Judge, he may not in the spirit of rash adventure push its construction beyond the letter, and perhaps to an extreme never contemplated by the legislator. The demands of the case should be met fairly and conscientiously as they are presented in the complaint, but when treading upon unexplored and may be dangerous ground, we have no warrant for advancing a single step beyond the exigencies of the case before us.

The plaintiff is entitled to be let into the possession of her lands, and in a legal sense, the sole and exclusive possession. That will not impair the husband's marital right of occupancy, the right of ingress and regress to her dwelling and society, to live with her and to tread upon her domains. She is entitled to be put in possesssion, if she has been excluded, but not by expelling him. The possession of the husband is not like that of a stranger, adverse to the wife, but in law consists with it; and if the bad conduct of the husband has disturbed that relation, the law steps in, not to destroy, by his expulsion, but to restore harmony and unity of the relation to the *status* established by marriage. The wife is also entitled to the control as well as possession of her property; to lease, manage and receive the rents and profits without the interference of the husband. This right she has always had, and if she has not exercised it, it must have been through ignorance or timidity—by a silent and unresisting acquiescence, not in a superior right, but a stronger will.

The deprivation of the rents and profits is the ground of the complaint, and being against her consent, is the only infraction of the rights of the wife, contemplated by the

law, and for which she is entitled to redress and a preventive remedy. Expulsion would be no remedy, or ineffectual; for if the husband is ejected, he has by law the right to take his wife with him. He has the right to select the domicil, and there the wife must follow him. The adequate remedy and the main one consistent with his marital rights, is by the process of injunction to restrain the husband from receiving the rents and profits, and from all interference with her exclusive control over the property. The allegations of the complaint unanswered, we think warrant the demand of such relief. If upon the coming in of the answer, and upon the trial it should appear that the plaintiff is entitled to a judgment and a writ of possession, the writ should be so framed as to put the wife in possession, without putting the husband out. Such a judgment and writ with the ancillary process of injunction, if the husband should persist in claiming and exercising the right of control under the color of being the husband of the plaintiff, and in her right entitled to manage the estate and receive the income, will be ample protection to the wife, and is all that the complaint demands. The demurrer must be overruled, and the defendant have leave to answer. Demurrer overruled and case remanded.

PER CURIAM.                          Cause remanded.