Horder v. Horder.

---

| 23 | 391 |
| 41 | 241 |

LUCY HORDER, *et al*, V. GEORGE W. HORDER, *et al*.

CONVEYANCE BY HUSBAND TO WIFE, *When Valid*. Where a deed of conveyance was executed by a husband in his lifetime to his wife, with-out other consideration than love and affection, such deed will be held to be valid after his death as against an heir who was of full age at the time of the execution of the deed, and who was not in any manner de-pendent on the grantor for subsistence or support.

*Error from Leavenworth District Court.*

AT the September Term, 1878, of the district court, *Geo. W. Horder* and three others as plaintiffs had judgment against *Lucy Horder* and two others as defendants, who bring the case to this court. The nature of the action is sufficiently stated in the opinion.

*J. H. Gillpatrick*, and *Byron Sherry*, for plaintiffs in error.

*Clough & Wheat*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action substantially for par-tition of real estate, and the principal question involved. therein is, whether a certain deed of conveyance executed by James W. Horder in his lifetime to his wife, Lucy Horder,. without further consideration than love and affection, is valid. or not, as against an heir of Horder after his death, which heir was of full age at the time of the execution of the deed,. and was in no manner dependent upon Horder for subsist-ence or support.

We have never had occasion to pass upon just such a case as this, but from decisions already made by this court, we think it must follow that the validity of the deed in this case must be sustained.     Men of sound minds and not under guardianship should have the privilege of disposing of their property as they please, so long as they do not interfere with the rights of creditors, or of persons dependent upon them for support.     We have frequently had occasion to examine into the validity of sales and conveyances from husbands to wives, and we have invariably upheld the validity of such sales and conveyances so far as it was equitable to uphold the same.     As throwing light upon this subject, we would refer to the following authorities: *Going v. Orns,* 8 Kas. 85, 87, 88; *Faddis v. Woollomes,* 10 Kas. 56, 57; *Ogden v. Wal-ters,* 12 Kas. 282, 290; *Sanderson v. Streeter,* 14 Kas. 458, 462; *Sproul v. Atchison National Bank,* 22 Kas. 336, 338. Also, see authorities cited in these cases.     Also, see the fol-lowing additional authorities: *Burdeno v. Amperse,* 14 Mich. 91; *Hunt v. Johnson,* 44 N. Y. 27; *Wells v. Wells,* 35 Miss. 664, 639; *Jones v. Obencheim,* 10 Gratt. (Va.) 259; *Jones v. Clifton,* 17 Am. Law Reg. (N. S.) 713, and cases there cited; *Crooks v. Crooks,* 34 Ohio St. 610.

The judgment of the court below will be reversed, and cause remanded with the order that judgment be rendered in favor of the defendants below for costs.

All the Justices concurring.