## WILLIAM H. DODGE v. KINCAID BROTHERS.

1. CONSTABLE'S BOND; *Jurisdiction.* A justice of the peace has jurisdiction over an action against a constable, to recover moneys collected by him on an execution issued by such justice and not paid over on demand to the party entitled thereto.

2. PRACTICE; *Parties; Action against Constable.* Where a bill of particulars in an action brought by A sets out a judgment in favor of B, and alleges that A was the real owner of the note, the basis of such judgment, and the real owner of the judgment, and no issue of fact as to these allegations is tendered by answer or otherwise, *held*, that B was not a necessary party plaintiff, and also that A could maintain his action against a constable for failing to pay over moneys collected on such judgment.

*Error from Barton District Court.*

AT the July Term, 1882, of the district court, Kincaid and another, partners as *Kincaid Brothers*, as plaintiffs, recovered a judgment against defendant *Dodge*, who brings the case here. The opinion states the facts.

*Wm. H. Dodge*, plaintiff in error, for himself.
*Maher & Osmond*, for defendants in error.

The opinion of the court was delivered by·

BREWER, J.: This was an action commenced before a justice of the peace on a constable's bond. The charge was that the

constable had collected money on an execution which he failed
to pay over upon demand. The plaintiff in error, a surety
on the constable's bond, and one of the defendants in the
action, demurred on the grounds that the justice had no
jurisdiction, that there was a defect of parties plaintiff, and
that the bill of particulars did not state a cause of action.
The justice overruled the demurrer, and rendered judgment
in favor of the plaintiff. Dodge appealed to the district
court, where the same ruling and judgment followed, and
now he brings the case here.

The ruling below was correct. It is true § 8, clause 3,
ch. 81, Comp. Laws 1879, provides that justices shall not
have cognizance of "actions against justices of the peace,
or other officers, for misconduct in office, except in the cases
provided for in this act;" and it is also true that failing to pay
over money collected on execution is misconduct in office.
(*Neal v. Keller*, 12 Kas. 251.) But § 2, clause 7, same chap-
ter, gives them jurisdiction "to proceed against constables
failing to make return, making false return, or fail-
ing to pay over money collected on execution issued by
any justice." Now this jurisdiction is not limited to any
summary proceeding by attachment as for a contempt,
but includes any proceeding, even an ordinary action.
Our codes are entitled codes of procedure, and within
them are found provisions for all proceedings. No special
kind of procedure is named in this clause. Hence it
may fairly be construed to mean any procedure ordinarily
resorted to in such cases. Apparently the intention was to
except from the prohibition in § 8, *supra*, these particular
cases of official wrong on the part of constables. It would
seem a little strange if a justice had jurisdiction to punish
an officer for official misconduct by proceedings as for a con-
tempt, and yet had no jurisdiction of an action by a party
injured against him for the same misconduct. Even if the
justice had no jurisdiction, did not plaintiff in error waive
this objection by appealing to the district court, and there
going to trial on his demurrer which raised other questions

than those of jurisdiction, instead of moving to dismiss the case for want of jurisdiction? (*Dickson v. Randal*, 19 Kas. 212.)

The other questions may be considered together.    The bill of particulars set out a judgment in favor of Hapgood & Co. against J. C. Dawson, upon a note made by Dawson to Hapgood & Co., and then alleged that plaintiffs were at the time suit was brought the real owners and holders of said note, and are now and always have been the owners of said judgment.    There is, it is true, no allegation of a transfer of the judgment, but the demurrer admits the truth of the allegations; and if true, the plaintiffs are the real parties in interest, the ones entitled to the money and to bring this action. It was not necessary for them to unite as plaintiffs the nominal plaintiffs in the judgment, for they had no interest in the matter.    If defendant wished to challenge plaintiffs' right to the money or their ownership of the judgment, he should have answered, and thus tendered an issue thereon for trial.

There being no other question, the judgment will be affirmed.

All the Justices concurring.