HARVEY EASTMAN v. DAVID GRANT ET ALS.

*Trespass. Release.*

W. having been made an agent to settle a claim which the plaintiff had against divers persons, for a joint assault, settled with two of them, and gave each of them a writing indemnifying them against any claim the plaintiff might have against them, growing out of such assault; *held,* that this was a full discharge as against the plaintiff in favor of these two.

*Held,* also that if it did not appear that this was not a settlement for all the damages sustained by the plaintiff, it would operate as a discharge of all the other persons engaged in the assault.

TRESPASS for an assault and battery. Plea, the general issue, with notice of special matter of defence, and trial by jury at the June term, 1860,—BARRETT, J., presiding.

On trial the plaintiff gave evidence tending to prove, that on the 17th of April, 1858, the defendants, together with Merrill Bowen and James Bowen, not parties to this suit, jointly committed upon the plaintiff an assault and battery.

The defendants then gave evidence subject to objection tending to prove, that after the committing of said assault, and previous to the commencement of this suit, and immediately after the 17th of April, 1858, the plaintiff constituted one White his agent, with full power to manage and control any right of action, which the plaintiff might have growing out of such assault, and had told White that if he could find out who committed the assault

he might have all he could make out of it ; and that on the 29th of December, 1858, White settled with Merrill Bowen and James Bowen, for the private damages for which they were liable to Eastman, and received from each of them a note for $100, and that the plaintiff had subsequently recognized and ratified such settlement, and that upon the occasion of that settlement, White gave to each of them a paper in the following words :

" I, Charles White, for, and in consideration of one hundred dollars, paid to me by James Bowen, [Merrill Bowen] do agree and bind myself, to pay and save harmless from all his liabilities to Harvey Eastman, sustained by being whipped and tarred at the said James Bowen's house in Washington, on or about the 17th of April, 1858.   Washington, December 29, 1858.

    Signed      Charles White."

To the admission of this testimony the plaintiff objected, and the court excluded it, to which the defendants excepted.

*P. T. Washburn,* for the defendants.

*Peck & Colby,* for the plaintiff.

Pierpoint, J.   This was an action of trespass for an assault and battery, committed by the defendants and James Bowen and Merrill Bowen jointly upon the plaintiff.   It appears from the case that after the trespass was commited, and before this suit was brought, the plaintiff " constituted one Charles White his agent, with full power to manage and control any right of action the plaintiff might have growing out of said assault," and told said White he might have all he could make out of it.   That subsequently White settled with the Bowens for the plaintiff's claim upon them, for damages resulting from said trespass, received from each the sum of $100, and gave each a writing signed by himself, and binding him to indemnify " and save them harmless from all their liability to the plaintiff, for damages that the plaintiff sustained by " reason of the said trespass, &c.

In order to determine whether or not this paper was properly excluded by the county court, when offered by the defendant,

Eastman *v.* Green et als.

it becomes necessary to ascertain, first its true character and operation as between the plaintiff and the Bowens ; and second its effect, if any, upon the rights and liabilities of the parties to this suit.

This paper, we think, when taken in connection with the circumstances under which it was executed, as disclosed by the exceptions, cannot be regarded in any other light, than as an absolute extinguishment of the entire claim which the plaintiff had upon the Bowens for damages sustained by him in consequence of the trespass complained of. If we treat the plaintiff as the party in interest in the transaction, and White as his agent, with full power to settle the claim, when White received the two hundred dollars from the Bowens, and agreed that they should be saved harmless from all their liabilities for such trespass, the plaintiff's claim was thereby cancelled and extinguished, not by reason of the form of the writing, or the solemnity of its execution, but by its having been fully paid in fact. If we regard White as the party in interest, by reason of the understanding between him and the plaintiff, that White might have all he could make out of it, the effect is the same. In either view, the party, making the claim for damages,has agreed with two of the parties against whom he holds the claim, what the amount of that claim shall be, and that amount was paid and the parties discharged. If no writing whatever had been given, the legal result must have been the same, the entire claim was paid and the parties thereby discharged.

What effect is this discharge of the Bowens to have upon the liability of the other persons jointly engaged in the trespass, and equally liable with them for the damages.

The principle is well settled, and is not controverted by counsel in this case, that a *release* of one of two or more joint trespassers, is a release of all, but to have such effect it must be a *technical release*, that is, by an instrument under seal. The reason why a *release* of one discharges all is, that it legally imports full payment, and, being under seal, its consideration cannot be enquired into, so that it is conclusive, even though it was given without consideration in fact. The rule is the same whether the claim is based upon a tort or a contract. Indeed the rule as to the effect of a release, is but another method of stating the uni-

versal rule, that full payment by one who is jointly liable with others, is a discharge of all. In the one case the law regards the claim as paid, and will not allow the party to deny it by proof. In the other it is paid in fact. The effect upon the rights of all is the same in both cases.

There seems to be no conflict in the authorities in relation to these principles. Questions in relation to the effect of the discharge of one upon the liability of the others, have generally arisen, when the discharge has been given upon the payment of part of a demand, or some consideration less than a full payment of the claim against the one discharged. Such was the case of *Spencer* v. *Williams*, 2 Vt. 209, and *Dean* v. *Newhall*, 8 Term 168, cited by the counsel for the plaintiff. The first case was decided on the ground, that as the discharge was not under seal, it did not operate as a *release*, and that upon its face it was not a full discharge, but only an agreement not to sue. In the other case although the instrument was under seal, it was held not to be a *release*, but only a covenant not to sue, which all the authorities agree does not discharge the other joint debtors.

Whether the principles applicable in case of the discharge of one, on the part payment of a joint *debt* will apply in actions of this character, it is not necessary now to enquire, as we think this is not a case of part payment by the Bowens, but a case where the Bowens paid the full amount of the plaintiff's claim upon them, as adjusted and agreed upon between them at the time.

The plaintiff's claim rested solely in damages. There was no criterion by which the amount could be definitely determined. It was a matter of mere estimation, based on opinion and judgment, not of computation based on any fixed data. If the question were submitted to a jury they could determine it only by estimation. Here the plaintiff and the Bowens got together and determined the matter for themselves; they estimated the damages and fixed upon the amount of the plaintiff's claim against them, and they paid it, and were discharged. What further claim could the plaintiff have upon them, even though no discharge had been given them ? Clearly not any. There is nothing in the case to indicate that the amount paid was not the full amount of the

damages, and the extent of the plaintiff's claim on them. If the plaintiff had brought his action against the Bowens, and had received two hundred dollars damages, and they had paid the judgment, that clearly would have discharged all. If these parties agree upon the amount without the intervention of a court or jury, and the amount is paid, the effect we apprehend must be the same. The plaintiff's claim is the same against all the parties engaged in the trespass. He may pursue them jointly or severally to enforce it, but when that claim is once paid it is cancelled as to all the parties.

We think the coun'y court erred in excluding the evidence.

This view of the case renders it unnecessary to pass upon the other questions in the case.

Judgment of the county court reversed and the case remanded.