## JOHN A. LONG *v.* A. T. COLE and others.

It is always in order, so long as a case is pending, upon motion to set aside any irregular order therein, independent of the provisions of the Code of Civil Procedure.

Under the provisions of the C. C. P., a judgment, &c, may be set aside, on account of mistake, surprise or excusable neglect at any time within twelve months; and the fact that an order in the cause which in effect deprived the plaintiff of the right of appeal, was made at midnight when the plaintiff was absent and did not know, and had no reason to believe that the court was in session, and his counsel not being able to attend to the trial, constitutes a case of "excusable neglect."

This was a MOTION in the cause heard before his Honor *Buxton, J.* at Chambers, in RICHMOND county, November 9th, 1875.

The following statement accompanies the record sent upon appeal to this court:

This was a motion made in lieu of a Bill of Review which was before the Supreme Court between the parties at January Term, 1875. 72 N. C. Rep.

Upon the return of the certificate in that case, that a Bill of Review was not the proper remedy, and sustaining the demurrer, the plaintiff asked leave to use his summons issued 16th of May, 1871, and complaint and affidavit, as ground for a motion in the original cause to set aside the decree rendered at Fall Term, 1870, of this court, and correct the same for errors alleged in the complaint and affidavit.

The motion was allowed to be entered as of Fall Term, 1871, upon payment of cost incurred in the prosecution of the action in the nature of a Bill of Review. The costs have been paid.

On the 22d day of April, 1875, plaintiffs served a notice on the defendant's counsel, notifying them that at the next

term of the Superior Court he would move to set aside the judgment rendered in this cause at Fall Term, 1870. Previous to Spring Term 1871, he also served a notice of motion to re-open the account taken in the case, but the motion was not made, he having concluded to seek his relief in answer to a rule served upon him as Clerk of the Superior Court, wherein the defendants A. D. Cole and E. D. Covington sought to require him to apply the money in his hands as Clerk, in satisfaction of the decree made at Fall Term, 1870, which answer the Supreme Court held was not responsive to the rule.

The motion of the plaintiff was not formally drawn out and entered of record of this term. The defendants moved to dismiss the motion of the plaintiff.

The plaintiff was Clerk of the Superior Court of Richmond county at the commencement of this action, and continued as such until September, 1871. The report of the Commissioner was filed at Spring Term, 1870, and exceptions thereto were filed at the same term. No exception was taken by the plaintiff to the *pro rata* distribution of the fund among the co-partners, nor to the fact that the Commissioner distributed the nett balance of the fund among the partners without making provision for the payment of the cost; or reference to the profit and loss account between the partners.

Upon the hearing of the cause at Fall Term, 1870, a part of the plaintiff's exceptions were sustained and a part overruled, and judgment was rendered.

After the filing of an affidavit at Fall Term, 1875, in support of their motion to dismiss the plaintiff's motion to set aside the judgment, the plaintiff, was allowed after objection by the defendants, to file an affidavit additional to the proceedings in the Bill of Review which was also considered in support of the plaintiff's motion to set aside the judgment.

His Honor being of the opinion that the case made by the

plaintiff was one of excusable neglect, allowed the motion to set aside, and overruled the motion to dismiss.

From the ruling of his Honor the defendants Cole and Covington appealed.

*Leitch,* for the appellants.
*Shaw and Rusdale,* contra.

READE, J. The order at Fall Term, 1870, re-referring the report to be re-formed in certain particulars, and when so re-formed, to be the judgment of the court, is irregular and contrary to the course and practice of the court, in that it deprives the parties of the right to except to the report as reformed, and puts the referee in the place of the court to render judgment.

It was proper for his Honor, at a subsequent term, to set aside this irregular judgment, independent of the C. C. P., sec. 133. It is always in order as long as a case is pending, to set aside an irregular order. But if that were not so, still it might be considered under that section of C. C. P., sec. 133, which allows a judgment, &c., to be vacated at any time within twelve months on account of "mistake, surprise or excusable neglect;" for the motion being entered *as of* Fall Term, 1871, it is an apt time, and the order being made at midnight, when the plaintiff was absent, and did not know, and had no reason to believe that the court was in session, and his counsel not being able to attend to the case, make a case of "excusable neglect."

It is not intended to reflect upon his Honor for holding his court at midnight. On the contrary, he is commended for his industry in endeavoring to dispose of all the business before adjournment. And it has always been the custom to do a considerable portion of the business upon the equity docket.

in the night, and often late at night in the Judge's room, with only the lawyers present.

There is no error in the order appealed from. Let this be certified.

PER CURIAM. Judgment accordingly.