*A. J. CREWS v. THE FIRST NATIONAL BANK OF CHARLOTTE.

*Sheriff's Deed--Execution Sale--Fraud--Practice.*

1. A Sheriff's deed is not rendered void at law by the fraudulent combination of the plaintiff and defendant in the execution, by which bidding was suppressed at the execution sale and the former enabled to purchase the land at an undervalue; *Therefore*, when in such case a purchaser of the land at a sale under a subsequent execution brought an action to have the first purchase declared void and to recover the possession of the land; *Held*, that he was not entitled to recover.

2. In such case the subsequent purchaser must seek relief in the equitable jurisdiction of the Court.

.3. In such case it is suggested by the Court that a proper settlement of the controversy would be, for the land to be sold with a clear title so as to bring a full price and the proceeds divided among the judgment creditors according to their legal priorities.

(*Hill* v. *Whitfeld,* 3 Jones, 120; *Rich* v. *Marsh,* 4 Ire. Eq. 396; *Halyburton* v. *Greenlee,* 72 N. C. 316; *Wall* v. *Fairley, ante* 105, cited and approved.)

CIVIL ACTION to recover Possession of Land tried at Spring Term, 1877, of BURKE Superior Court, before *Furches, J.*

This action was commenced in Cleaveland County and removed to Lincoln, thence to Burke. A sufficient statement of the case is set out by Mr. Justice RODMAN in delivering the opinion of this Court. There was judgment for the defendant and the plaintiff appealed.

*Mr. J. F. Hoke,* for plaintiff.
*Messrs. Battle & Mordecai, Shipp & Bailey* and *G. N. Folk,* for defendant.

---

*BYNUM, J. having been of counsel in the Court below did not sit on hearing of this case.

RODMAN, J.   The general facts of this case may be briefly stated :

1. On the 7th of December, 1869, the plaintiff purchased the land sued for at a sale by the Sheriff of Cleaveland under executions upon judgments against D. & C. Froneberger, partners, docketed in that County on the 2nd of November, 1869.   The plaintiff also purchased the same land at a sale made by the U. S. Marshal under an execution issued upon a judgment recovered against D. Froneberger, one of the partners of the firm of D. & C. Froneberger, for a partnership debt.   The judgment was recovered on the 30th of November, 1868.

The purchase under this judgment need not be further noticed as besides being liable to the objection that it was against one of the partners, it stands upon the same footing in other respects with the purchase at the Sheriff's sale.

It is not disputed that as against the defendants in the execution the plaintiff acquired a title to the land.   And in the absence of any defence he is entitled to recover.   For this purpose the purchase at the Sheriff's sale will suffice.

2. The defence is that the defendant purchased at a sale made by the Sheriff on the 6th of September, 1869, on judgments against the firm, docketed in Cleaveland before the date of the judgment in the Circuit Court of the United States (November 30th, 1868,) which was also before the docketing of any of the judgments under which the plaintiff purchased.   If the case stopped here the defence would be complete.

3. The reply however is that at the sale on the 6th of September, 1869, at which the defendant purchased, it by its agent, in combination with the defendant in the execution, D. Froneberger, fraudulently suppressed competition ; and the jury find that it did, and that by reason of such suppression of biddings it bought the land worth $40,000 for $12,500.

4. Upon this finding, the plaintiff contends that the pur-
chase by the defendant was absolutely void, at least as to
the creditors of D. & C. Froneberger, and that he (the plain-
tiff) acquired by his purchase on the 7th of December, 1869,
all the estate of the defendants in the execution, and that he
is consequently entitled to judgment for the land claimed in.
this action.

The Judge refused to give that judgment, and on the
plaintiff declining to ask for any other, gave judgment
against him, from which he appealed.

The only question before us at present is, was the sale at
which the defendant purchased, void?—or did the deed of
the Sheriff pass the legal estate subject to any equities which
may exist between the parties. If the deed is void and
may be collaterally impeached, the plaintiff is entitled to the
judgment he demands; otherwise he is not entitled to recover
in this action in its present form, although he may be entitled
to have the sale vacated. *Hill* v. *Whitfield*, 3 Jones, 120, de-
cides that the Sheriff's deed to defendant conveyed the legal
estate; and such seems to have been assumed as the law in.
*Rich* v. *Marsh*, 4 Ire. Eq., 396, and in several other cases of a.
similar character. The reason is plain. If the sale has been
made by the officer and with the forms prescribed by law;.
the title passes by mere force of law and only a Court of
Equity or a Court of Law exercising its equitable jurisdic-
tion can avoid it. At the utmost the sale was only voidable
at the instance of a party injured. *Spencer* v. *Champion*, 13
Conn. 11; *Estill* v. *Miller*, 3 Bibb, 177; 4 Cowen, 717. In
many cases it would work an obvious injustice to declare
the sale void because the purchaser had stifled competition
and obtained the property for less than its value. What he
paid has gone to the payment of the debts of the defendant
in the execution which were a lien upon the land, and if the
sale is set aside at all, it should be set aside altogether, and the

purchaser put in the condition in which he was before or be subrogated to the place of the creditors *pro tanto.*

In the present case the purchaser was the execution creditor to a larger amount than the price at which he purchased, and his judgments had a priority of lien over all others. If the sale to him was held *void,* he could still take out execution *at least* for the excess of his judgments over his bid and sell the land again; *Halyburton* v. *Greenlee,* 72 N. C. 313; and perhaps he might for the whole original amount disregarding the supposed payment. I know of no authority to the contrary The cases, which hold that the price at which an execution creditor bids off land to which the debtor has no title nevertheless pays off his judgment, do not apply and do not seem to rest on the same principle. *Wall* v. *Fairley,* at this term. We are not called on, however, to decide this, as in our opinion the sale was not void.

It is argued however that the defendant has been guilty of a fraud. and that he ought to be punished by denying him any title to the land, and at the same time holding his judgments satisfied to the amount of his bid or perhaps altogether forfeited. The effect of this would be to impose a heavy penalty on the defendant for an act which is not made penal or criminal by any law and for which he has not been directly tried, and to give it to the plaintiff by removing the sum as an incumbrance from the land. We do not see by what authority a Court can impose the penalty, or on what principle of equity the plaintiff can claim it. He acquired the estate which the defendant in execution had in the land at the time of the sale subject to all equities and to all prior liens. The price which he gave may have been merely nominal as upon the sale of a doubtful title, but whatever it was, the amount is not material. It cannot in any case entitle him to the land except subject to prior liens.

The argument mistakes altogether the functions of Courts

in civil actions. Courts of Law sometimes hold transactions void, but that is only because the law says they shall be void; and there is no idea of punishing any party. Courts of Equity do not undertake to punish fraud, but only to prevent or correct it. They will not take from one party what is justly his, because he has attempted to take by fraud what is not his. Much less will they take from him what is justly his, to give it to another who has no equitable claim to it and who has lost nothing by the fraud.

Of this principle an example is found in cases of usury where a party comes into a Court of Equity to be relieved against it. At law the usurious security was void because the statute positively said so. But a Court of Equity does not say to the usurious creditor, you have violated the law; you have oppressed the needy and we will punish you by forfeiting your real loan; but it says to him, you shall receive what is lawfully yours and no more. On the same principle it relieves against penalties. It has no feeling of sympathy or hostility with any one, but it distributes equity with an even hand to all and leaves punishment to the Criminal Courts. Similar views are expressed in *McCredie v. Buxton*, 31 Mich. 383. The plaintiff claims as a purchaser merely, not as a creditor. How has he been injured by the fraud? If there had been no fraud at the sale, the defendant's title would have been good and the plaintiff's nothing. The fraud was upon the creditors who had rights to the excess of the value of the property over the prior liens which might exist after a fair sale, and for their benefit the sale will be vacated on application. The plaintiff is not seeking to avoid a damage to him by the fraud, but to gain something by reason of the fraud.

In the present condition of the case we have no right to decide what judgment the plaintiff might be entitled to in an action for equitable relief as a creditor.

We may however without impropriety suggest to the

parties as a plan of compromise apparently fair, that the land be sold with a clear title so as to bring a full price and the proceeds divided among the judgment creditors according to their legal priorities.

PER CURIAM.                                  Judgment affirmed.