R. J. CECIL v. F. M. SMITH.

*Married Women—Separate Estate—Parties.*

In a suit by a purchaser at an execution sale seeking to dispossess the husband of his wife's land, the wife's possessory right is such an interest in the controversy as entitles her to be made a party defendant.

(*Manning* v. *Manning,* 79 N. C., 293 ; *Wade* v. *Sanders,* 70 N. C., 277 ; *Rollins* v. *Rollins,* 76 N. C., 24, cited and approved.)

, MOTION to be made a party defendant, heard at Spring Term, 1879, of DAVIDSON Superior Court, before *Schenck, J.*

In this action the plaintiff as purchaser at sheriff's sale sues to recover possession of the lands, mentioned in the pleadings, of the defendant who was the debtor in the execution under which the sale was made, and was then and is now in possession. At the return term of the summons, Mary E. Smith, wife of the defendant, filed her affidavit alleging that she was the owner of the land sued for, and was in possession with her husband at the time of the sale, and ever since, and demanded to be let in as a party to defend her title and right of possession, and thereupon His Honor ordered that she be allowed to file her answer and make her defence. The plaintiff being dissatisfied appealed to this court.

*Messrs. M. H. Pinnix* and *W. H. Bailey,* for plaintiff.
No counsel in this court for defendant.

DILLARD, J. The plaintiff being a purchaser of the wife's land, as we must take to be the fact in reviewing the order of the judge allowing the wife to become a party to the action, on his appeal contends that he has the right to recover against the husband whatever interest or possession he had, and that it is incompetent to him or to his wife, admitted as a party, to defeat his recovery by proof of title and possession in the wife, and therefore it was error in the judge to admit the wife as a party.

In order to determine the question of error or rightfulness in the ruling complained of, it will be material to consider the rights of husband and wife respectively in the lands of the wife, and the provisions of the code of civil procedure relative to the admission of third persons as parties to pending suits.

A *feme covert* owning land, in law, has the same as a sepa-

rate estate, exempt and clear of any debts, obligations or engagements of the husband, and is entitled to have a possession and control of the same, making her own contracts of lease and receiving the rents and profits independently of her husband, with no right in the husband, except the right of occupancy with her, and ingress and egress to her dwelling and society, and to live with her. Const., Art. X, § 9; *Manning* v. *Manning*, 79 N. C., 293. The husband has not under the present constitution and laws, nor has he had since the act of 1848, any interest in the real estate of his wife, which he could sell or lease for life or any less term of years, except by deed joined by the wife and with her privy examination; and as to sales of any supposed interest of the husband in the lands of the wife by execution against him, it was declared by said statute, which is still in force and brought forward in Battle's Revisal, ch. 70, § 33, that the same should be null and void in law and equity.

Such being the nature and character of the possesion of husband and wife respectively in the lands of the wife, made a separate estate as aforesaid, it would seem that a sale of the husband's interest, a mere occupancy with the wife, under execution against the husband was invalid, and that the sheriff's deed was ineffectual to pass any right whatsoever to the plaintiff as purchaser. And being so, the rule entitling the purchaser to have judgment as of course against the debtor in the execution continuing in possession and excluding, as by a *quasi* estoppel, all proof of title in others, has no application. It cannot be that the law protects the wife's lands from sale under execution for the husband's debts, and yet gives to it the efficacy in an action for the possession to avail him.

We think therefore in the pending suit there is an exception to the general rule, and it would perhaps be competent to the husband to defeat the action by proof that the land was the separate estate of the wife. But however this may

be, the wife having an interest in protecting her possession has the right, not to rely on the husband, but by leave of the court to become a party and in her proper person make her own defence.

By section 61 of the code it is provided that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff; and by another clause in the same section, in an action to recover the possession of real property, the landlord and tenant thereof may be joined, and so may any persons claiming title or right of possession be joined as plaintiffs or defendants as the case may require. The controversy made by the suit with the husband was a controversy in regard to the possession, and that possession thus drawn into litigation was not only a possession in which the wife was interested, but in law as we have seen, it was hers solely, and without other right in the husband than ingress and egress and to live with her. And therefore she was authorized to be made party by the plaintiff, or on her own motion to be admitted a party by leave of the court, within the express words of said section. In *Wade* v. *Sanders,* 70 N. C., 277, in construction of this section of the code as to the admission of third persons as parties defendant, a distinction is drawn between *an interest in the controversy* adverse to the plaintiff, and an interest in the thing which is the subject of the controversy; and it is held to be admissible to add to the parties if the person proposed be interested in the controversy, but not so, if being out of possession he have merely a title to the property. Under the authority of this decision in exposition of the first clause of section 61, we think the ruling of the judge allowing the wife to become party to the action was rightful, as her actual possession was the controversy in the action. Her admission is warranted also by *Rollins* v. *Rollins,* 76 N. C., 24.

It may be that the wife being made competent to sue and

defend in respect of her separate estate, and the sale of her land under execution for the husband's debts being declared to be void, it was within the discretion of the court to admit her as party under section 65 of the code, by way of inter-plea, to set up a title independent and paramount to the claims of both parties to the action. But seeing she could be properly admitted under the first clause of section 61, it is unnecessary to consider of the power of the judge under section 65. There is no error and the judgment of the court below is affirmed. Let this be certified.

No error. Affirmed.