J. M: YOUNG and another v. THOMAS GREENLEE and wife.

*Action for Land—Practice—Parties—Married Woman.*

Plaintiff, being the purchaser at an execution sale of the land of the male defendant, brought an action for possession of the same. The feme defendant was allowed to intervene and to answer, setting up title in herself under a senior judgment and prior sheriff's sale. To meet this defence the plaintiff offered evidence that such sale was fraudulently and collusively made to protect the land from the husband's creditors; *Held*,

(1.) That such evidence could only be rendered competent by allegations *in the pleadings* impeaching the elder title, and setting forth special facts calling for the exercise of the equitable powers of the court to put the elder title out of the way.

(2.) That the wife was properly admitted as a party, to defend her possessory rights.

(*Crews* v. *Bank*, 77 N C., 110 ; *Cecil* v. *Smith*, 81 N. C., 285; *Manning* v. *Manning*, 79 N. C., 293, cited and approved.)

Civil Action to recover possession of land tried at Spring Term, 1879, of McDowell Superior Court, before *Graves, J.*

Verdict and judgment for defendants, appeal by plaintiffs.

The plaintiffs were not represented in this court.
*Mr. W. W. Flemming,* for defendants.

Dillard, J. The plaintiffs sue to recover land as purchasers at sheriff's sale under a judgment and execution against defendant, Thomas Greenlee; and the defendant Margaret Greenlee, wife of the judgment debtor, resists recovery, claiming through sheriff's sale and deed to S. H. Flemming and a deed from Flemming to herself; the sale and judgment lien, with which she connects herself, being

prior to the sale and judgment under which plaintiffs claim title.

On the trial the plaintiffs alleged that the purchase by Flemming under the older judgment was on a secret trust for the debtor, and was effected through a fraudulent co-operation by them to stifle the bidding at the sale; and they claimed the right to recover on the rule of practice which estops the judgment debtor in possession at the sale, from raising any question of title on a subsequent suit by the purchaser; and they also put their right to succeed on the ground of fraud, making void the title of defendants. There was a verdict and judgment for defendants, and on the argument in this court the plaintiffs do not insist with any earnestness on the grounds of recovery agitated in the court below.

Both of the points are against the plaintiffs. The sale by the sheriff to Flemming and a deed executed to him were things done by the law acting through the sheriff, upon a judgment in full force, and under an execution clothing him with power to sell. His sale and deed passed the legal title to Flemming, and by his deed it was conveyed to and now resides in the feme defendant. Against a legal title thus communicated, a purchaser at a subsequent sale under a junior judgment and execution can not prevail in an action, basing his right of recovery on the legal title alone. The remedy in such case must be by an action impeaching the elder title, and setting forth the special facts calling for the exercise of the equitable powers of the court to put the elder title out of the way, in whole or in part. *Crews* v. *Bank*, 77 N. C., 110.

As to the ground of estoppel, it authorized no recovery. The legal title having come to the feme covert, Margaret Greenlee, it was by the constitution and laws of the state an estate vested, in point of possession and title, in the wife as her separate property, without any right whatsoever in

the husband, except the right of ingress, egress and regress to the dwelling of the wife and to live with her, and without the power in any creditor of the husband by execution to sell and have title passed to the wife's lands for the husband's debts. Bat. Rev., ch. 70, § 33; *Cecil* v. *Smith*, 81 N. C., 285; *Manning* v. *Manning*, 79 N. C., 293.

Such being the rights of husband and wife in the wife's separate estate, in case of a sale under execution for the debts of the husband, the wife if not joined as a party to a suit brought by the purchaser to recover the land, has the right on her motion to become a party to defend her possession and title, or if joined, may make her defence; and in either case, the sale being void, by express declarations of statute (Bat. Rev., ch. 70, § 33,) the action will be defeated, and no hindrance will arise from the rule of practice operating as an estoppel as in the case of a sale of the husband's own land for his debts. *Cecil* v. *Smith, supra.*

There was therefore no error on either point, and the judgment of the court below must be affirmed.

No error.                                            Affirmed.