In *Young* v. *Greenlee,* from McDowell:

SMITH, C. J. The cause to rehear which the present application is made was determined at June term, 1879, (82 N. C., 346,) as the report shows, without argument for the appellant, and the petition was filed on May 12th, 1881, near the end of the second session thereafter. The modified rule of June term, 1879, promulged in that number of the reports, restricts such applications in time, and requires them to be filed before the end of the next ensuing term after judgment, and this may be done in the clerk's office. The relaxation of the rule is now asked upon the ground of a misunderstanding between the counsel originally retained and the counsel employed to prosecute the appeal in this court, in consequence of which the merits of the plaintiff's case were not argued, nor the authorities relied on called to our attention, and because of the former's want of information of the shortening of the time, as also for certain considerations personal to counsel which caused the delay. We know of no case in which an application to rehear has been made after the lapse of the limited time allowed for that purpose, and we should be reluctant if we possessed full power to do so, to set a precedent for departing from a rule of practice prescribed by ourselves and so convenient and useful in the discharge of official duty.

The rule ought to possess a force scarcely less binding on the court than the limitations prescribed for bringing actions by the statute. Formerly the adjudications of the court were conclusive and beyond the reach of disturbance for any errors in law, supposed or real, and the rights of parties became fixed at the expiration of the session when they were rendered. They are now open to revision and correction, when erroneous, provided the re-hearing is asked within a limited period and the prescribed conditions are

38

observed. After it has passed, the respective rights and obligations of the parties are fixed to the extent stated by the operation of the rule, and an interference afterwards may disturb vested interests acquired in faith of the permanency of the decision. If the rule is of value, it must be enforced for its general beneficial results, though in special cases, and as in statutes of limitation, its operation may involve hardships.

The plaintiffs also invoke the aid of section 133, C. C. P., in support of their application. To this it is a sufficient answer to say that it is not made within a year from the rendition of the judgment and this objection is fatal to the motion.

We have not considered the alleged errors, as, by reason of this preliminary obstacle, they are not reached, and we will only add that the conclusions announced in the decision were reached after a careful consideration and examination of the law and in the light of the recent case of *Crews* v. *Bank of Charlotte,* 77 N. C., 110, both of which cases are declared erroneous in the petition.

The application must therefore be denied with costs.

PER CURIAM.                                          Petition refused.