W. W. TAYLOR and others v. SOLOMON APPLE and others.

*Husband and Wife—Ejectment, inability to give bond in—Certificate of Counsel.*

1. Where a wife asserts an independent title in herself, she has the right to intervene and defend it in an action of ejectment brought against her husband.

2. The defendant here is allowed to defend without bond, upon affidavit of inability in accordance with the requirement of the act of 1869–'70, ch. 193, which was in force at the time this suit was brought. This act is modified by THE CODE, §237, in reference to the affidavit, that is, in requiring the party to state "*that he is not worth the amount of the undertaking in any property whatsoever, and is unable to give the same.*

3. Where in such case counsel certify that he has examined the case of the defendant, and that in his opinion the plaintiff is not entitled to recover; *Held,* a substantial compliance with the statute. It is not intended that the enquiry of counsel should extend beyond the information derived from the defendant.

(*Cecil* v. *Smith,* 81 N. C., 285 ; *Young* v. *Greenlee,* 82 N. C., 356; *Manning* v. *Manning,* 79 N. C., 293; *Jones* v. *Fortune,* 69 N. C., 322, cited and approved).

EJECTMENT tried at Fall Term, 1883, of CASWELL Superior Court, before *MacRae, J.*

The facts relating to the matters passed upon by this court are stated in its opinion. The defendants appealed.

*Mr. Thomas Ruffin*, for plaintiffs.
*Mr. John W. Graham*, for defendants.

SMITH, C. J.    This action, instituted by the plaintiffs against the defendant Solomon Apple, is for the recovery of possession and damages for the detention of the land mentioned in the complaint, upon the filing of which at the return of the summons, Agnes B. Apple, his wife, on her application, was admitted a party to defend her own title, upon affidavit stating that the land had been bought and paid for out of her moneys, or moneys furnished by her father for her benefit, though her husband had taken a conveyance of the estate to himself.    Her answer was put in, stating this matter in defence, and the cause was continued from time to time until spring term, 1883, when the plaintiffs, on an affidavit of the insufficiency in amount of the bond given before the defendant was allowed to answer, and the insolvency of the sureties, moved for further and additional security, and in response an order was entered requiring the defendants to execute, with approved or justified sureties, a bond in the sum of $400, to secure such damages as may be awarded to the plaintiffs, with costs, in the event of their recovery, on or before Tuesday of the next term, and declaring that, in case of failure to give the bond, the plaintiffs shall have judgment for possession of the land.    The clerk is directed within thirty days to issue notice of the order, and this was done on the 1st day of June.

At fall term, 1883, the defendants make oath in writing and say, each, that neither of them is able to give the bond of $400 specified in the order; that beside the land in controversy they have but little property; that so much as is owned by the affiant Agnes B. is not under her control, but is managed by a trustee, and that, including it, neither one of them ".has property above the homestead and exemption allowed by law."

Accompanying the affidavit is the certificate of her counsel, stating that " we have examined the case of the defendants in this action, and if the facts be as stated by the said Agnes B. in her affidavit, filed as an answer, the plaintiffs ought not to recover against her, though entitled to recover against Solomon.Apple."

The defendants asked upon the submission of these papers to be allowed to continue the defence under the act of 1869–'70, ch. 193, §4, the *proviso* to which section is in these words:

Provided that no defendant shall be required to give said bond, if an attorney, practicing in the court where the action is pending, will certify to the court in writing that he has examined the case of the defendant, and that, in his opinion, the plaintiff is not entitled to recover, and said defendant shall further file an affidavit that he is unable to give said bond.

This clause was transferred and became section 237 in THE CODE, and is modified by substituting the word "*undertaking*" in place of "*bond*," and adding after "affidavit," instead of the former concluding clause, the following: "Stating that he is not worth the amount of said undertaking in any property whatsoever, and is unable to give the same.

The court deeming both the affidavit and certificate insufficient under the statute to warrant a dispensing with the undertaking, directed the answer to be stricken from the file, and rendered judgment in favor of the plaintiffs for recovery of the land, and for the issue of a writ of possession, reserving to them the right to have an enquiry of damages. From this judgment the defendants appeal.

We can only consider the appeal of the *feme* defendant, for her husband is excluded from the benefit of the certificate given to her, and consequently there can be no exception to the judgment so far as it affects him alone.

It seems from the affidavits, for the complaint is general and does not indicate the source from which the plaintiffs derive title, that they claim the husband's estate under a sale by execution against him, while the wife asserts a superior and independent

equitable title in herself, and her right to intervene and defend it is sustained by the cases of *Cecil* v. *Smith*, 81 N. C., 285, and *Young* v. *Greenlee*, 82 N. C., 346.

Indeed the wife's right to her separate estate may be asserted against her husband himself. *Manning* v. *Manning*, 79 N. C., 293.

The provisions of the law in force at the time when the order for further security was entered, are substantially met in the present application to dispense with the bond and be allowed to continue the defence, and, if *then*, made, ought to have been granted. The inability to give the bond is positively declared, and this is all that the statute demands. *Jones* v. *Fortune*, 69 N. C., 322.

This right, as incidental to the order, follows its enforcement, and we see no reason why it should not be available upon the motion to modify or revoke, after the inability to furnish the bond has been ascertained by effort, and can be declared on oath. The transaction is continuous until the order was executed by the rendition of judgment.

THE CODE, in direct terms, and to avoid such inconveniences (§3868), provides that "the repeal of the statutes mentioned in the preceding section (statutes public and general, with some exceptions and limitations) shall not affect any act done, or *any right accrued* or established, or *any suit or proceeding had or commenced* in any case before the time when such appeal shall take effect."

This clause clearly reserves to the *feme* defendant the exercise of the right conferred by the previous act to ask for liberty to defend without bond, which *right existed* when the order was made and could be asserted before its consummation in arresting it.

2. The next objection is to the incompleteness of the certificate of counsel.

There seemed to be great force in the argument for the appellee in support of the ruling that it ought to state the results of a

full enquiry into the merits of the defence, not only as disclosed in the *defendant's averments* of fact, but as reached upon a full consideration of these and others in connection, ascertained upon examination, which may modify or correct them. But upon a more careful consideration, we think the enquiry is not required to extend beyond the information derived from the defendant, and such as counsel may possess in addition, upon which, as prudent and safe advisers, they would undertake to act.

The statute demands only that counsel shall certify "that he *examined the case of the defendant,*" that is, upon the information communicated as a defence, and that in the opinion formed upon these assumed facts, "the plaintiff is not entitled to recover."

Now, the present certificate is based upon the sworn statements of the answer, which, in the opinion of the counsel, if correct, destroy the plaintiff's cause of action against the *feme* defendant. This is not a departure from the substantial statutory requirements.

It will be observed that when one proposes to sue *in forma pauperis,* or to appeal (sections 210 and 553 of THE CODE), he is only required to swear to his inability to give the undertaking; while in order to defend an attack upon his right of possession of land, he must state not only such inability, but further, that "he is not worth the amount of said undertaking in any property whatsoever," apparently, if not in fact, denying the privilege to one who has only sufficient exempt property to equal the amount of the bond. But our case proceeds under the former law which does not make the distinction. There is error in the ruling, which will be reversed, and this will be certified.

Error.                                          Reversed.