W. G. WILSON and wife v. E. S. FOWLER.

*Action to Recover Land—Undertaking—Defence Bond—Statute.*

1. In an action to recover land, the statute (*The Code*, § 237) was sufficiently complied with when the defendant made affidavit that he was not worth two hundred dollars in any property whatever, and was unable to give the undertaking required, and his counsel certified that they had examined his case and were of opinion he "had a good defence to the action."

2. Refusal of the Court, upon such affidavit and certificate, to allow him to plead, answer or demur without giving security, because it also appeared that he was worth real estate to the value of one hundred and twenty-five dollars, was *error*.

3. Nor does the statute provide that in such cases the Court may require a less sum than two hundred dollars. The purpose of the law is to provide for persons too poor to give the undertaking ordinarily required, and the Court has no discretion in the matter.

4. The law in this respect is not changed by *The Code*, § 117. It simply provides for a mortgage in lieu of security.

5. The certificate of counsel applies only to the action as then constituted, and not to any other possible action that might be brought by plaintiff for same or similar relief.

This is an ACTION to recover land, tried before *Clark, J.,* at Fall Term, 1889, of HAYWOOD Superior Court.

The defendant made his affidavit, stating therein that he was not worth the sum of two hundred dollars, the amount of the undertaking required of him before being allowed to plead, answer, or demur, in any property whatsoever, and that he was unable to give the same. His counsel certified that they had examined his case, and were of opinion that he had "a good defence to the action."

It appeared to the Court that the defendant had real estate of the value of one hundred and twenty-five dollars, but no other property whatever.

The Court refused to allow the defendant to plead, answer or demur, unless he would give a mortgage of the real estate last mentioned as allowed by the statute, (*The Code*, § 117) in certain cases, and he excepted. The Court gave judgment for the plaintiff, and the defendant appealed.

*Messrs. J. C. L. Gudger* (by brief) and *Theo. F. Davidson*, for the plaintiff.

*Mr. George Smathers*, for the defendant.

MERRIMON, C. J.—after stating the case: The proviso of the statute (*The Code*, § 237) dispenses altogether with the undertaking required of the defendant in actions to recover land or the possession thereof by that section. The terms of the proviso are clear, explicit and exclusive. It declares " that no such undertaking shall be required " in the case provided for. The words " *no such* " are used in the broad sense of not any like that required. There is nothing in the statute that suggests the contrary, or that an undertaking for a less sum than two hundred dollars in amount may be required in any case. The purpose is to allow persons thus poor to make defence in such actions without giving any undertaking. Hence it is said, in *Dempsey* v. *Rhodes*, 93 N. C., 120, that if the defendant should make his affidavit as required, and his counsel should make the necessary certificate as to the merit of his defence, he would have " the right to answer, and it did not rest in the discretion of the Court to refuse to allow him to do so." The cases cited in that case are to the like effect.

The statute (*The Code*, § 117) does not authorize the Court to require a party to execute a mortgage of real estate in the cases therein provided for. It simply allows the party of whom an undertaking may be required in such cases, to give such mortgage instead of it, and the former must be for the same amount as the latter.

It was insisted that the certificate of the defendant's counsel was not sufficient, because it did not in terms state that, in their opinion, "the plaintiff is not entitled to recover." But they did so state in effect—they said, that in their opinion, he had "a good defence to the action." If he had such defence, how could the plaintiff be entitled to recover in this action? This statute does not require that the counsel shall certify that the plaintiff was not entitled to recover in any action—he is not required to examine and express an opinion as to merits of the plaintiff's cause of action, further than to be able to express the opinion that he is, for sufficient cause, not entitled to recover in the present action. If the defendant has an effectual defence that does not reach the possible merits of the plaintiff's action, he is entitled to the benefit of it. The certificate is to the effect that the plaintiff is not entitled to recover in this action. *Taylor* v. *Apple*, 90 N. C., 343.

The Court should have allowed the defendant to plead, answer, or demur without requiring any undertaking. To the end he may have opportunity to do so, the judgment must be set aside, and further proceedings had in the action according to law

Error.