BURNS v. WOMBLE.

(Filed October 21, 1902.)

1. TRESPASS—*Estoppel—Writ of Possession—Mortgages—Ejectment—Sheriff.*

Where a wife joins a husband in a mortgage for the purpose of relinquishing her right of dower and homestead, and the mortgage is foreclosed and ejectment brought by the purchaser, she not being made a party thereto, the wife has no ground for trespass against a sheriff who executes a writ of possession in the ejectment suit, although after the giving of the mortgage she received a deed for an interest in the property from a third person.

2. TRESPASS—*Release—Writ óf Possession—Sheriff.*

A release of a sheriff from liability for trespass in executing a writ of possession releases the plaintiff in the writ.

DOUGLAS, J., dissenting in part.

ACTION by G. B. and Martha Burns against J. W. Womble, heard by Judge *Walter H. Neal* and a jury, at November

Term, 1901, of the Superior Court of CHATHAM County. From a judgment for the plaintiffs, the defendant appealed.

No counsel for the plaintiffs.
*Womack & Hayes,* and *H. A. London,* for the defendant.

FURCHES, C. J.    On the 14th February, 1888, the plaintiff G. B. Burns, made and executed a mortgage to S. T. Womble for the tract of land on which he resided, with full covenants of warranty and seizin, in which the plaintiff Martha, who is the wife of the plaintiff G. B. Burns, united.    It is stated in the mortgage that the plaintiff Martha joined in the deed for the purpose of relinquishing her right of dower and claim to homestead.    The mortgage contained the usual power of sale upon default of payment; and upon such default the mortgagee sold said land, and the defendant became the purchaser and took a deed therefor from the mortgagee.    Upon the plaintiffs refusing to surrender possession to the defendant, he commenced an action of ejectment against the plaintiff G. B. Burns in the Superior Court of Chatham County.    In this action for possession, the plaintiff therein (the defendant in this action) set forth in his complaint the making of the mortgage to S. T. Womble, the sale and purchase by him, that he is thereby the owner of the land, and demands possession.    The defendant (G. B. Burns) answered, admitting the execution of the mortgage as alleged in the complaint, but saying that he had not sufficient knowledge of the facts stated in the second paragraph of the complaint to admit it, and therefore denies the same.    And he denied that the plaintiff was the owner of the land mentioned in the mortgage and in the complaint.

At May Term of said Court the case came on for trial upon the issues raised by the complaint and answer, and the Court submitted this issue: "Is the plaintiff the owner and entitled

to the immediate possession of the land described in the complaint?" and the jury answered "Yes." And upon this issue being found for the plaintiff, his Honor, Judge Allen, on motion of plaintiff's counsel, rendered judgment as follows: "It is ordered and adjudged that the plaintiff is the owner and entitled to the immediate possession of the land described in the complaint, and that he recover his costs of the defendant, to be taxed by the Clerk." And upon this judgment the Clerk of said Court issued an execution and writ of possession to the Sheriff, in which the following language is used: "You are therefore commanded to satisfy said judgment by dispossessing the said G. B. Burns and those holding under him, and by placing the said J. W. Womble in possession," etc. This writ was placed in the hands of the Sheriff, and he was attempting to execute it when the trespass complained of was committed.

It is clear that the Sheriff had a duty to perform in discharge of the requirements of his office, for which he would have been liable to penalties and damages if he failed in its performance. All he could do was to see that the judgment was regular and authorized the issuance of the writ, and then to execute the same.

Whether the plaintiff G. B. Burns was the owner of the land or not, he had made his deed (the mortgage), in which he alleged and covenanted that he was the owner in fee simple. And he was certainly estopped to deny that he was the owner, and has no right to complain that he has been dispossessed by a judgment of the Court and a writ of possession.

The wife, the *feme* plaintiff, was a party to the mortgage, signed and duly executed the same, in which she covenanted that her husband, G. B. Burns, was the fee-simple owner "and had the right to make" said mortgage. But she now claims that on the 11th of January, 1895, M. T. Burns made her a deed to one undivided fourth of said land, and that

she is now the owner thereof.  This may be so, but, if it is, the Sheriff could not take her word for that, and not discharge the duties of his office in executing the process of the Court. If she was the owner of one-fourth part of this land, or any other part, she had the right to intervene, make herself a party to the action of Womble against her husband, and set up her claims, whatever they are, and have them passed on by the Court.  *Cecil v. Smith,* 81 N. C., 285; *Taylor v. Apple,* 90 N. C., 343; *Young v. Greenlee,* 82 N. C., 346.

Suppose the plaintiff Martha had not gotten a deed from M. T. Burns (dated 11 January, 1895), will it be contended that the Sheriff would have committed a trespass on the plaintiffs in this action by removing them and their effects from this land in obedience to the execution then in his hands? And the fact that she had a deed (which she did not even show to the Sheriff) can make no difference.  Suppose that Burns had been the tenant of A, and Womble had brought his action of ejectment against him, A would have had the right to intervene and set up his title to the land, and if he sustained his title, Womble would not have been entitled to a writ of possession.  But suppose he sat by and did not intervene, and Womble recovered judgment declaring that he was the owner and entitled to the immediate possession, would it be contended that A would be allowed to meet the Sheriff on the premises and defy his authority to dispossess Burns?  As A was not a party, he would not be estopped to bring an action and assert his title against Womble, if he had any.  But he would not be allowed to enforce his claim by preventing the Sheriff from executing the process of the Court.  The plaintiff Martha stands in the same condition as A would have stood, as it will appear from the cases already cited.

The Sheriff being authorized to dispossess the plaintiffs, he committed no trespass for which he is liable for damages,

unless it be on account of the manner in which he executed the process. And although the plaintiffs allege that it was done with great violence, the evidence does not seem to sustain that allegation, and if it did, that matter is not before us, as the plaintiff did not appeal.

The right of the plaintiffs to recover against the defendant depends upon the unlawful acts of the Sheriff, and as we are of the opinion that he was authorized to do what he did, the plaintiffs' action must fail.

But it further appears that the plaintiffs had compromised with the Sheriffs, Jenkins and Johnson, for the alleged trespass for which this action is brought, for which they received $135 from each one of them. This was a discharge of the defendant Womble. A party may have an action against each of several trespassers, but the satisfaction of one judgment is a satisfaction and discharge of all. And a compromise and discharge of one is a discharge of all. *Kirkwood v. Miller*, 5 Sneed (Tenn.), 455; 73 Am. Dec., 144, and notes, and authorities there cited; *Patterson v. Mfg. Co.*, 41 Minn., 84, 4 L. R. A., 744, and notes on pages 44, 45. And this is held to be so, although the plaintiff stipulates that it is not to be a discharge of the others. *Ellis v. Bitzer*, 2 Ohio (Hammond), 89, 15 Am. Dec., 534.

There is

Error.

DOUGLAS, J., concurring in result only. I concur in the opinion of the Court only in so far as it holds that the release of the Sheriffs by the plaintiff operated as a release of the defendant. I can not concur in the remainder of the opinion either upon reason or authority, nor is it at all necessary to do so for a determination of this case.

It may at times create unmerited hardship, but I feel compelled to adhere to the principles laid down by this Court in

*Smith v. Ingram,* 130 N. C., 100.   It should be remembered that in the case at bar the plaintiff is, and was at the time of the eviction, a married woman; that she was not a party to the action of ejectment, and that she held possession of the land, from which she was evicted, as a tenant in common under a title admittedly good and entirely disconnected from her husband.   As is said in the opinion of the Court, it is stated in the mortgage that the plaintiff Martha joined in the deed for the purpose of relinquishing her right of dower and claim to homestead.   She acquired one undivided fourth of the land after the execution of the mortgage, which therefore could not possibly have been conveyed in the mortgage.   To say that a married woman is estopped by any covenants of warranty contained in a deed professedly made for the sole purpose of conveying only her dower and homestead, is an extension of the doctrine of "feeding an estoppel" which I am not prepared to accept.   Neither can I admit that a married woman can lose her rights of property by failing to intervene in a suit to which the then plaintiff did not see fit to make her a party.