## W. R. SIRCEY v. HANS REES' SONS.

(Filed 24 May, 1911.)

**1. Pleadings—General Order for Filing—Cause Excepted—Notice—Judgment Set Aside.**

When the trial judge has made a general order to file pleadings in causes returnable to that term, he may except any cause from the provision of the order upon notice to the parties; and when a party defendant, having a meritorious defense, has relied upon the general order and filed no answer to the complaint under the

statute, and judgment has been rendered by default at that term without notice to him, it is proper for the judge holding the subsequent term of the court to set the judgment aside.

## 2. Same—Excusable Neglect.

When a general order has been made to file pleadings, it is not sufficient notice to a party whose case was not excepted that judgment was signed in open court when his attorney was present, without calling to his attention the fact that the judgment was then being rendered, and without his knowledge of the fact.

## 3. Damages—Release—Meritorious Defense.

A valid release given to one of two joint tort feasors by the plaintiff in an action for damages is a good and meritorious defense for the other.

## 4. Damages — Personal Injuries — Joint Tort Feasors — Release — Evidence—Nonsuit.

There can be but one satisfaction recovered for injury arising from a joint tort; and when it appears that the plaintiff in his action for damages for a personal injury has released from liability one tort feasor, the release operates as a discharge of the other, and a motion for nonsuit should be allowed.

## 5. Same—Master and Servant—Third Persons—Joint Participants.

A switchman of a railroad company was struck by a pile of tan bark near the track while employed on a train which was being backed for the purpose of leaving a car on defendant's private siding, for the latter's accommodation, and brought his action for damages alleging that the defendant was negligent in placing the tan bark so near the track as to cause injury to those on passing cars. *Held*, the railroad and the defendant were joint participants in the wrong as alleged, and being joint tort feasors, a release from liability for damages given by the plaintiff to the railroad operated to release the defendant.

APPEAL by plaintiff from *Councill, J.,* at the December Term, 1910, of BUNCOMBE.

*Fortune & Roberts and Charles E. Jones for plaintiff.*
*Bourne, Parker & Morrison for defendant.*

WALKER, J.   This action was brought to recover damages for an injury received by plaintiff, who was employed by the Southern Railway Company as a switchman, while moving a car of coal along a side track laid on defendant's premises for its accom-

modation. The particular allegation is that the plaintiff was required to mount the car while in motion in order to perform his duties, and that in doing so he was caught between the side of the moving car and a pile of tan bark which had been placed so near the track as to endanger the employees of the railway company when moving cars on the siding. Plaintiff did not know the bark was there at the time he was hurt. He alleges that he was injured by the negligence of the defendant, though the facts stated in the complaint are also sufficient to show a case of negligence against the railway company as well, or, in other words, that the injury resulted from the joint negligence of the two companies.

It appears that at February Term, 1909, which was the return term, judgment by default and inquiry was entered, but after an order had been made extending the time to file answers due at that term for thirty days after the final adjournment of the court. The judgment was handed to the judge and signed by him without any notice to defendant or its counsel of the same, and the latter relied upon the order of the court extending the time for filing answers, and therefore made no inquiry as to the order, as they were ignorant that one had been made. Defendant's counsel, as soon as they were notified of the judgment, moved to set it aside upon the ground that the court had no power to make it without notice to defendant; and, secondly, because of excusable neglect. The judge set aside the judgment, and, we think, very properly. It should not have been applied for or entered without notice. It was competent for the court to have excepted this or any other case from the general order, but, having made a general order, counsel could not be expected to anticipate that it would be violated in this way, or that judgment would be entered without notice to them. The rendition of the judgment was not even announced in open court, but the judgment was merely delivered to the judge and signed by him. Calling out the defendant, when his counsel did not hear the call, is not sufficient to withdraw the protection of the law from him. Such a thing was not looked for. One of defendant's counsel was in court, but did not know of the judgment and was not called upon to take notice of it under the circumstances. If there was

any neglect at all, and we think there was not, it was certainly excusable. *Branch v. Walker,* 92 N. C., 87; *Griel v. Vernon,* 65 N. C., 76 (Anno. Ed. and cases cited); *Long v. Cole,* 74 N. C., 267; *Wynne v. Prarie,* 86 N. C., 73; *Taylor v. Pope,* 106 N. C., 267; Clark's Code (3d Ed.), sec. 274, and note, especially p. 312 *et seq.* We are satisfied the judge would not have signed the judgment had he known the facts. The defendant had a meritorious defense, because he defeated the plaintiff in the trial of the case. This is a very fair test of a good defense. Cases cited by plaintiff's counsel are not in point. In all of them the facts were different. We cannot agree with the learned counsel that the plea of a release is technical and does not present a meritorious defense. Plaintiff thereby acknowledged full satisfaction of his claim, and he is entitled to have no more. Nor can we assent to the suggestion that a plaintiff should be allowed two satisfactions for one and the same demand. Such a doctrine would shock the moral sense and violate a cardinal maxim of the law, if not the defendant's constitutional right. Plaintiff excepted to the order setting aside the judgment by default, and appealed from the final judgment dismissing the action. We have treated the case as if he had preserved his exception, and it is not necessary to decide whether he should have appealed at once from the order of vacation.

At the trial the defendant relied on a release given by the plaintiff to the Southern Railway Company. The execution and validity of the release were admitted, and thereupon the court, on motion of the defendant, dismissed the action, and plaintiff appealed.

There was no error in the judgment. With reference to the plaintiff, the defendant and the railway company were joint tort feasors, and, besides, the evidence shows that they jointly participated in the wrong and were co-delinquents. Even if the tort of the railway company was one growing out of contract for the plaintiff's services, the rule that the release of one tort feasor will discharge the other will nevertheless apply. Whether the plaintiff had sued in tort, or had waived the tort and sued on the contract, if he could do so, can make no difference. He has received what he regarded as full compensation for his injury,

and the law will not give him more than he said was enough, whatever may be the technical form of the action he might have brought against the railway company. Hale on Torts, pp. 195, 196; *Eastman v. Grant,* 34 Vt., 387.

We have had occasion to consider this rule, as to the effect of a release, at the present term. *Howard v. Plumbing Co.,* 154 N. C., 224; *Gregg v. Wilmington,* 155 N. C., 18. It is true that in the case last cited the release was alleged to have been given by the plaintiff to Wolvin, who, as between himself and the city, was primarily liable, but in the former case *Justice Brown* says: "Assuming that this defendant is jointly liable with Ayers to the plaintiff, she has released Ayers for a valuable consideration paid to her by him, and that releases this defendant. She cannot be allowed to recover two compensations for one injury. If she recovers of one, she cannot recover of the other. It is immaterial, so far as plaintiff is concerned, to consider which joint tort feasor is primarily liable. The question of primary and secondary liability is for the offending parties to adjust between themselves. The injured party has his remedy against either. *Dillon v. Raleigh,* 124 N. C., 188 (32 S. E., 548); Buswell on Personal injuries, sec. 190. It is well settled that a release of one or more joint tort feasors, executed in satisfaction for an injury, is a discharge of them all on the ground that the party can have but one satisfaction for his injury. 24 Am. & Eng. Enc. of Law, 306, where cases from nearly all the American courts are collected. *Brown v. Louisburg,* 126 N. C., 701 (36 S. E., 166; 78 Am. St. Rep., 677); *Burns v. Womble,* 131 N. C., 173 (42 S. E., 573)." For a general discussion of the liability of tort feasors, see *Raleigh v. R. R.,* 129 N. C., 265, and *Lexington v. Indemnity Co.,* at this term.

*Judge Cooley,* in his treatise on Torts, relying on many English and American authorities, thus states the rule: "It is to be observed in respect to the point above considered, where the bar accrues in favor of some of the wrongdoers by reason of what has been received from or done in respect to one or more others, that the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the

equivalent. Therefore, if he accepts the satisfaction voluntarily made by one, that is a bar to all. And so a release of one releases all, although the release expressly stipulates that the other defendants shall not be released. And this rule is held to apply, even though the one released was not in fact liable. It does not lie in the mouth of such plaintiff to say that he had no cause of action against one who paid him for his injuries, for the law presumes that the one who paid committed the trespass and occasioned the whole injury." 1 Cooley on Torts (3 Ed.), p. 234 *et seq.* While separate suits may be brought against the wrongdoers, the plaintiff having the right of election as to whether he will sue them separately or jointly, the liabilities being joint and several, and while there may be recovery against each there can be but one satisfaction. It is immaterial whether the satisfaction is obtained by judgment and final process in execution of it, or by amicable adjustment without any litigation of the claim for damages. The essential thing is satisfaction. Hale on Torts, 195. The wronged party may elect whom he will sue or *de melioribus damnis,* but the full payment of one judgment satisfies the cause of action, for it is the same cause against all the tort feasors, so far as he is concerned. Hale on Torts, p. 192 *Babcock v. Pioneer Iron Works,* 43 Fed. Rep., 336. Coke (sec. 376) thus states the principle, as laid down by Littleton, in his quaint language: "Also if two men doe trespass to another, who releases to one of them by his deeds all actions personalls, and notwithstanding sueth an action of trespasse against the other, the defendant may wel shew that the trespasse was done by him, and by another, his fellow, and that the plaintife by his deed (which he sheweth forth) released to his fellow all actions personalls, and demand the judgment (in his favor) and yet such deed belongeth to his fellow, and not to him. But because hee may have advantage by the deed, if he will shew the deed to the court, he may well plead this." Coke, in commenting on this passage, says: "If two men doe trespass to another, etc. Here by this section it is to bee understood that when divers doe a trespass, the same is joynt or severall at the will of him to whom the wrong is done, yet if he release to one of them, all are discharged, because his own deed shall be taken most strongly

against himself, but otherwise it is in case of appeals of death, etc. As if two men bee joyntly and severally bounden in an obligation, if the obligee release to one of them, both are discharged; and seeing the trespassers are parties and privies in wrong, the one shall not plead a release to the other without shewing of it forth, albeit the deeds appertaine to the other." Referring to Coke's statement, it is said in *Babcock v. Pioneer Iron Works, supra:* "This seems to be good law to this day. 2 Greenl. Ev., sec. 30; *Eastman v. Grant,* 34 Vt., 387. A plaintiff is entitled to but one satisfaction of his cause of action, whether but one or many may be liable, or whatever the form of action may be. *Fowell v. Forrest,* 2 Saund. 48a; *Lovejoy v. Murray,* 3 Wall., 1. If the damages are actually paid by one, that is a sufficient satisfaction for all. If such payment is acknowledged by deed, the actual consideration cannot be inquired into. If the plaintiff had brought suit against the Pioneer Iron Works alone, on the proofs in this case, as here understood and considered, judgment would have been recovered for all the infringement involved. After the satisfaction of such judgment no action could be maintained against the Safety Steam Generator Company for the same infringement, because the plaintiff would be fully satisfied for that. The infringement by one is the same as that by the other; and when satisfaction is made for that the whole is satisfied." The idea is well expressed in the leading case of *Eastman v. Green,* 34 Vt., 387: "The principle is well settled, and is not controverted by counsel in this case, that a *release* of one or two or more joint trespassers is a release of all, but to have such effect it must be a *technical release,* that is, by an instrument under seal. The reason why a *release* of one discharges all is that it legally imports full payment, and being under seal, its consideration cannot be inquired into, so that it is conclusive, even though it was given without consideration in fact. The rule is the same whether the claim is based upon a tort or a contract. Indeed the rule as to the effect of a release, is but another method of stating the universal rule, that full payment by one who is jointly liable with others is a discharge of all. In the one case the law regards the claim as paid, and will not allow the party to deny it by proof. In the other it is paid

in fact. The effect upon the rights of all is the same in both cases." And again at page 390: "The plaintiff's claim rested solely in damages. There was no criterion by which the amount could be definitely determined. It was a matter of mere estimation, based on opinion and judgment, not of computation based on any fixed data. If the question were submitted to a jury, they could determine it only by estimation. Here the plaintiff and the Bowens got together and determined the matter for themselves; they estimated the damages and fixed upon the amount of the plaintiff's claim against them, and they paid it, and were discharged. What further claim could the plaintiff have upon them, even though no discharge had been given them? Clearly not any. There is nothing in the case to indicate that the amount paid was not the full amount of the damages and the extent of the plaintiff's claim upon them. If the plaintiff had brought his action against the Bowens, and had received two hundred dollars damages, and they had paid the judgment, that clearly would have discharged all. If these parties agree upon the amount without the intervention of a court or jury, and the amount is paid, the effect we apprehend must be the same. The plaintiff's claim is the same against all the parties engaged in the trespass. He may pursue them jointly or severally to enforce it, but when that claim is once paid it is cancelled as to all the parties." The rule has been approved in the following well-considered cases: *Tompkins v. R. R.,* 66 Cal., 165; *Seither v. Phila. Traction Co.,* 125 Pa. St., 397; *City of Chicago v. Babcock,* 143 Ill., 358. In *Seither's case, supra,* the Court, referring to the allegation of the plaintiff that the party to whom he gave the release was not really in fault, and, therefore, it did not affect his right to recover against the defendant, says: "A case so unique as this might be supposed to stand alone in the books. *Tompkins v. R. R.,* 66 Cal., 165, is, however, its exact counterpart. There a woman was injured by a collision of street railway cars. She received compensation from the carrying company and executed a release. She then sued the other railway company, contending that her release was not intended as a satisfaction, but was given because the carrier was without fault, and the existing defendant was the real wrongdoer. The Court held, in a vigorous opinion, that she

could not recover. So we say here. The plaintiff was not entitled to recover, and the learned court below was entirely right in directing a verdict for the defendant." Satisfaction by one joint tort feasor, or whatever is equivalent to it, will, necessarily, release the others. 1 Jaggard on Torts, p. 344, sec. 117.

The case was ably and learnedly argued, with well-prepared briefs, but upon a review of it, in the light of the facts it discloses and the law, as we understand it, the plaintiff is not entitled to recover and the judge was right in so directing.

Affirmed.